# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 05-MJ-25-LRR |
| vs. | |
| KENDRICK MONDALE ANKUM, | **ORDER** |
| Defendant. | |

_____

## *I. INTRODUCTION*

Before the court is Defendant Kendrick Mondale Ankum's Motion to Correct Judgment in a Criminal Case Under Rule 36 ("Motion") (docket no. 21).

## *II. BACKGROUND*

On January 9, 1998, the United States Attorney for the Central District of Illinois charged Defendant in a one-count Information with conspiracy to knowingly and intentionally distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant eventually pled guilty to the Information and was sentenced to 84 months' imprisonment and five years' supervised release. As a special condition of release, Defendant was ordered not to commit another federal, state or local crime.

On August 13, 2004, Defendant began his term of supervised release. On February 10, 2005, the undersigned accepted a Transfer of Jurisdiction of Defendant. On February 17, 2005, Defendant was arrested by State of Iowa law enforcement officials for possession of cocaine. On February 18, 2005, Chief Magistrate Judge John A. Jarvey issued a warrant for Defendant's arrest for failing to comply with the terms of his

supervised release.

On March 9, 2005, the undersigned set a revocation of supervised release hearing for March 18, 2005. On March 17, 2005, Magistrate Judge Jarvey issued a Writ of Habeas Corpus ad Prosequendum for Defendant. Pursuant to the writ, Defendant left state custody and entered federal custody for the revocation hearing. At the hearing, Defendant admitted he violated the terms of his supervised release. The court imposed a revocation sentence of 46 months' imprisonment. Pursuant to the terms of the writ, at the conclusion of the hearing Defendant was immediately returned to state custody.

Although there is no evidence in the record to support it, Defendant claims that, on April 1, 2005, he was sentenced in the Iowa District Court in and for Linn County to an indeterminate term not to exceed 10 years sentence on the charge of Possession with Intent to Deliver a Controlled Substance, Case No. FECR 60232. Defendant also alleges that the state sentencing order states that his term should "run concurrently with the sentence Defendant is serving in Case No. 5-25m out of the Northern District of Iowa." Defendant alleges that an official with the United States Marshal's Office told him that the Bureau of Prisons will treat his federal sentence as consecutive to his state sentence when he returns to federal custody at the conclusion of his state sentence.

### III. MERITS

Pursuant to Federal Rule of Criminal Procedure 36, Defendant asks the court to amend its prior judgment and order that Defendant's 46 month sentence run concurrently to his state sentence. Defendant claims that this would effectuate the intent of the state court judge's order and avoid an unintended "double penalty." Defendant alleges that the conduct forming the basis for the state charge and revocation of Defendant's federal supervised release are the same.

The government resists the Motion on three independent grounds. First, the

government contends Rule 36 does not provide Defendant the relief he requests. Second, the government contends that, even if Rule 36 provides Defendant the relief he requests, USSG §§5G1.3 and 7B1.3(f) show that there is no "double penalty" and Defendant should serve his terms consecutively. Third, the government contends that Defendant's claim is not yet ripe for review, because Defendant is not in federal custody and the Federal Bureau of Prisons has not made a decision as to whether to credit Defendant's time served in state court.

Rule 36 states:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Crim. P. 36. "An authorized correction, pursuant to Rule 36, may clarify a sentence, unclear in written form, that is clear when the record is examined as a whole." *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994) (citing *United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987)).

Although by its terms Rule 36 permits a court to correct a clerical error in a judgment at any time, it "does not authorize a district court to modify a sentence at any time." *Id.* "Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing." *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (citing *United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995). "Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations . . . ." *Id.*

Defendant does not seek the correction of a clerical error or an error in the record arising from oversight or omission. Rather, Defendant asks the court to modify his sentence and order that it be run concurrent with a state court sentence that was imposed

3

after judgment entered. Even if the court were to accept Defendant's unverified representations regarding his present status in the state court system and that such claim is ripe for the court's review, Rule 36 is clearly an improper vehicle for the relief he requests. Fed. R. Crim. P. 36; *Tramp*, 30 F.3d at 1037; *see, e.g., United States v. Robinson,* 368 F.3d 653, 656 (6th Cir. 2004) ("[A] clerical error must not be one of judgment . . . but merely . . . of the sort that a clerk or amanuensis might commit, mechanical in nature. . . . . Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations."); *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989) ("A claim for time served prior to the date of a federal sentence is not cognizable in a proceeding pursuant to [Rule] 36.").

Accordingly, the court shall deny the Motion.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion (docket no. 21) is **DENIED.**

**IT IS SO ORDERED.**

**DATED** this 24th day of July, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA